UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIANNE NESTOR,<br><br>                    Appellant,<br><br>         -v.-<br><br>LYNX ASSET SERVICES, LLC,<br><br>                    Appellee. | 25 Civ. 4242 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court incorporates by reference the factual and procedural histories set forth in its Order to Show Cause dated May 22, 2025 (the "OTSC" (Dkt. #2)). In the OTSC, the Court ordered *pro se* Appellant Marianne Nestor ("Ms. Nestor") to show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. Ms. Nestor responded in writing on June 17, 2025. (Dkt. #3). After reviewing Ms. Nestor's response, the Court is confident that it lacks jurisdiction to consider this appeal, and orders its dismissal.

To review, Ms. Nestor is not herself a debtor, but is an interested party in the Chapter 11 bankruptcy proceedings of her sister, Peggy Nestor, with whom Ms. Nestor has intermittently claimed to share ownership of certain real property. *See In re Nestor*, 23-10627 (MEW) (Bankr. S.D.N.Y.) (the "Bankruptcy Proceedings"); *see also In re Nestor*, — B.R. —, No. 23-10627 (MEW), 2025 WL 2336951, at *1-4 (Bankr. S.D.N.Y. Aug. 13, 2025) (outlining inconsistent positions taken by the Nestor sisters concerning their ownership of the property). Ms. Nestor purports to appeal from a February 14, 2025 decision by

United States Bankruptcy Judge Michael E. Wiles, fixing and allowing the secured claim of Lynx Asset Services, LLC (the "Order"). (*See* Dkt. #1; Bankr. Dkt. #521). On March 10, 2025, Ms. Nestor filed a document asking the Bankruptcy Court to revisit some of its prior rulings, including the Order at issue in this matter. (Bankr. Dkt. #553). On April 11, 2025, the Bankruptcy Court denied that request. (Bankr. Dkt. #567). On April 18, 2025, Ms. Nestor filed her notice of appeal from the Order. (Bankr. Dkt. #574). This appeal was opened in this Court on May 20, 2025. (Dkt. #1).[1]

The Court begins by noting that because of Plaintiff's *pro se* status, it has construed her claims liberally to raise the strongest arguments they permit. *See Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). That said, "solicitude for *pro se* litigants does not require [courts] to excuse failure to comply with understandable

---

[1] The Court understands that Ms. Nestor has filed at least thirteen prior appeals from orders in the Bankruptcy Proceedings. *See In re Nestor*, No. 24 Civ. 4063 (ALC); *In re Nestor*, No. 24 Civ. 5891 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 6246 (JHR) (SLC); *In re Nestor*, No. 24 Civ. 6250 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 7109 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 7116 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 7142 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 7274 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 9250 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 9268 (MKV) (S.D.N.Y.); *In re Nestor*, No. 25 Civ. 804 (AKH) (S.D.N.Y.); *In re Nestor*, No. 25 Civ. 4336 (MMG) (S.D.N.Y.); *In re Nestor*, No. 25 Civ. 5833 (JAV) (S.D.N.Y.).

procedural rules and mandatory deadlines." *Kotler* v. *Jubert*, 986 F.3d 147, 156 (2d Cir. 2021); *accord In re Ditech Holding Corp.*, No. 23-7462, 2024 WL 4502003, at *1 (2d Cir. Oct. 16, 2024) (summary order).

Federal Rule of Bankruptcy Procedure 8002(a) requires that a notice of appeal "be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a). This requirement is jurisdictional: federal "district courts' jurisdiction to hear bankruptcy appeals is circumscribed by 28 U.S.C. § 158(c)(2), which provides that bankruptcy appeals must be filed 'in the time provided by Rule 8002 of the Bankruptcy Rules.'" *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal … the district court is without jurisdiction to consider the appeal[.]")); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (abrogating *In re Siemon* but recognizing that the "time limits … prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional). "Timeliness is determined by receipt." *In re Affirmative Equities Co., L.P.*, No. 15 Civ. 2648 (CM), 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015). The date on which a notice of appeal is "filed" is therefore "the date the clerk receives it, not the date it is mailed." *Petite-El* v. *WorldCom, Inc.*, No. 05 Civ. 3179 (PAC), 2006 WL 27443, at *2 n.5 (S.D.N.Y. Jan. 4, 2006) (quoting *In re Simpson*, 215 B.R. 885, 886 (B.A.P. 10th Cir. 1998)).

Certain motions brought under the Federal Rules of Bankruptcy Procedure can extend the deadline for filing a notice of appeal if they are filed in the Bankruptcy Court "within the time allowed by these rules." Fed. R. Bankr. P. 8002(b)(1). They include motions to alter or amend the judgment under Rule 9023,[2] which specifies a fourteen-day deadline to file such a motion, and for relief under Rule 9024,[3] which is modified by Rule 8002(b)(1) to require that, in order to toll the deadline for filing a notice of appeal, such a

---

[2] *See* Fed. R. Bankr. P. 9023:

> New Trial; Altering or Amending a Judgment
>
> (a) Application of Civil Rule 59. Except as this rule and Rule 3008 provide otherwise, Fed. R. Civ. P. 59 applies in a bankruptcy case.
>
> (b) By Motion. A motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered. In some instances, Rule 8008 governs postjudgment motion practice after an appeal has been docketed and is pending.
>
> (c) By the Court. Within 14 days after judgment is entered, the court may, on its own, order a new trial.

Motions for reconsideration of orders issued by bankruptcy courts are generally considered motions brought pursuant to Rule 9023. In addition, in this District, such motions are also governed by Local Bankruptcy Rule 9023-1, which similarly specifies a fourteen-day deadline. *See* Local Bankr. R. 9023-1(a).

[3] *See* Fed. R. Bankr. P. 9024:

> Relief from a Judgment or Order
>
> (a) In General. Fed. R. Civ. P. 60 applies in a bankruptcy case — except that:
>
> (1) the one-year limitation in Fed. R. Civ. P. 60(c) does not apply to a motion to reopen a case or to reconsider an uncontested order allowing or disallowing a claim against the estate;
>
> (2) a complaint to revoke a discharge in a Chapter 7 case must be filed within the time allowed by § 727(e); and
>
> (3) a complaint to revoke an order confirming a plan must be filed within the time allowed by § 1144, 1230, or 1330.
>
> (b) Indicative Ruling. In some instances, Rule 8008 governs postjudgment motion practice after an appeal has been docketed and is pending.

motion must be filed within fourteen days after the judgment or order is entered.

A party may seek leave from the Bankruptcy Court to extend the time to file a notice of appeal in one of two ways: by written motion within (i) "the time allowed by [Rule 8002]" or (ii) "21 days after that time expires if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).  Courts look to several factors in determining whether there was excusable neglect, including: "[i] the danger of prejudice to the [non-movant], [ii] the length of the delay and its potential impact on judicial proceedings, [iii] the reason for the delay, including whether it was within the reasonable control of the movant, and [iv] whether the movant acted in good faith." *In re Soundview Elite Ltd.*, 512. B.R. at 159 (*quoting Silivanch* v. *Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)).[4] The third factor weighs most heavily in the analysis. *Id.*  And although *pro se* status "is relevant in determining whether there has been excusable neglect,"

---

4   *See also Alexander* v. *Saul*, 5 F.4th 139, 147 (2d Cir. 2021), *cert. denied sub nom. Alexander* v. *Kijakazi*, 142 S. Ct. 1461 (2022):

> "The good cause and excusable neglect standards have 'different domains'" and are "not interchangeable." Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments (quoting *Lorenzen* v. *Emps. Ret. Plan*, 896 F.2d 228, 232 (7th Cir. 1990)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* The "good cause" standard, in contrast, "applies in situations in which there is no fault — excusable or otherwise," such as when "the Postal Service fails to deliver a notice to appeal." *Id.* (emphasis added). In no-fault circumstances, "good cause" is the appropriate standard because "[i]t may be unfair to make … a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all." *Id.* To establish good cause, the movant must therefore show that "the need for an extension is … occasioned by something that is not within the control of the movant." *Id.*

such status alone is insufficient to satisfy the excusable neglect standard. *Id.* (quoting *Myers* v. *N.Y.C. Human Rights Comm'n*, No. 04 Civ. 543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006)); *accord Agra* v. *Dolci*, No. 22 Civ. 10169 (VEC), 2024 WL 3442964, at *5 (S.D.N.Y. July 17, 2024), *appeal dismissed* (Dec. 9, 2024).

As noted, Ms. Nestor did not file her notice of appeal within fourteen days of the Order's issuance. (*See* Dkt. #1). Rather, she waited over two months to do so. (*Id.*; *see also* Bankr. Dkt. #574). And while Ms. Nestor appears to have filed a motion to reconsider under Rule 9023, she did not do so in a timely manner, and thus did not extend the deadline to file a notice of appeal. *See In re Sterling*, 565 B.R. 258, 270 (S.D.N.Y. 2017) (citing *Coe* v. *RJM, LLC*, 372 F. App'x 188, 189 n.* (2d Cir. 2010) (summary order) ("Rule 8002 was amended effective December 1, 2009, to provide that a motion for reconsideration filed pursuant to Bankruptcy Rule 9024 within 14 days after the entry of judgment ... tolls the time to appeal.")), *aff'd*, 737 F. App'x 52 (2d Cir. 2018) (summary order); *accord Matter of AMR Corp.*, 566 B.R. 657, 664 (S.D.N.Y. 2017) ("Because Davidson's first motion for reconsideration — whether properly considered under Rule 9023 or 9024 — was not filed within fourteen days of the order denying his proof of claim, his time to appeal the denial of his proof of claim was not tolled."); *see also id.* at 664 n.11 (citing *Thompson* v. *JP Morgan Chase Bank, N.A.*, No. 11 Civ. 2905 (JFB), 2012 WL 739384, at *3 (E.D.N.Y. Mar. 8, 2012), for the proposition that the court lacked jurisdiction to consider the appeal because the motion to reconsider, filed one week late, did not toll

the time to appeal). As a result, unless Ms. Nestor can show that she requested and was entitled to an extension of the appeal window, this Court lacks jurisdiction to consider her appeal.

Even with the record supplemented by Ms. Nestor's submission (Dkt. #3), the Court cannot conclude that Ms. Nestor is so entitled. As originally noted in the OTSC, nowhere in the docket of the Bankruptcy Proceedings, including in the notice of appeal, does Ms. Nestor appear to request an extension of time. *See In re Soundview*, 512 B.R. at 158 ("Where timeliness determines whether jurisdiction exists over an appeal ... the distinction between a motion to extend time and a substantive filing can be collapsed."). In her response to the OTSC, Ms. Nestor does not indicate that she ever moved in the Bankruptcy Code for an extension of time to file her notice of appeal. And while she does offer reasons for her delay, they would not suffice to constitute excusable neglect. For starters, Ms. Nestor notes that she has been locked out of her East 63rd Street residence for more than one year, "which has caused delay." (Dkt. #3 at 2). However, Ms. Nestor continues to give that address as her address of record, including in her response to the OTSC in this case. (*Id.*). In addition, Ms. Nestor notes that "[she] cannot electronically file, and receive[s] notices by mail." (*Id.*). Importantly, however, Ms. Nestor does not allege any delay in receiving the relevant order(s) of the Bankruptcy Court, and the sheer number of her submissions on that docket suggests no impediments to filing in the Bankruptcy Proceedings. Finally, Ms. Nestor observes that "as a *pro se*, mistakes in timing may happen." (*Id.*). While that might be true, the law is

7

clear that *pro se* status does not, in and of itself, require a finding of excusable neglect.

In short, Ms. Nestor did not timely file her notice of appeal from the Order, either in the first instance or as a result of an extension received from the Bankruptcy Court. Accordingly, this Court lacks jurisdiction to hear her appeal and must dismiss the case without prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case. The Clerk of Court is further directed to mail a copy of this Order to Ms. Nestor at her address of record.

SO ORDERED.

Dated: August 25, 2025
       New York, New York

                                                                         KATHERINE POLK FAILLA
                                                                         United States District Judge